UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNKECHAUGE INDIAN NATION, et al.,

                                 Plaintiffs,

                                                                    Case # 10-CV-711-FPG

v.

DAVID PATERSON, et al.,                                         DECISION AND ORDER

                                Defendants.

---

ST. REGIS MOHAWK TRIBE, et al.,

                                 Plaintiffs,

                                                                    Case # 10-CV-811-FPG

v.

                                                                    DECISION AND ORDER

DAVID A PATERSON, et al.,

                                Defendants.

---

**INTRODUCTION**

      In these two companion cases, Plaintiffs Unkechauge Indian Nation and St. Regis Mohawk Tribe challenge New York's laws relating to the taxation of cigarettes sold by reservation retailers to nonmembers. They raise several theories to challenge the validity of those laws, including, *inter alia*, that the laws violate tribal sovereignty and tax immunity, impose excessive burdens on Indian retailers, and violate the Indian Commerce Clause. Currently before the Court are (1&2) two motions for summary judgment filed by Defendants against Plaintiffs; (3) a cross-motion for summary judgment filed by St. Regis Mohawk Tribe; (4) a dual motion to withdraw that cross-motion and to dismiss filed by St. Regis Mohawk Tribe; (5) a motion to dismiss filed by

Unkechauge Indian Nation; and (6) a motion for leave to file an *amicus* brief filed by New York Association of Convenience Stores.

## BACKGROUND

Before addressing the motions, some background may be helpful. Plaintiffs brought these cases in August 2010. In November 2010, District Judge Richard J. Arcara denied Plaintiffs' motion for a preliminary injunction to bar the implementation of the laws. *See Unkechauge Indian Nation v. Paterson*, No. 10-CV-711, ECF No. 49 (dated Nov. 9, 2010) [hereinafter *Unkechauge Litigation*]. He noted that, as a general matter, "a Nation's right to tribal self-government does not oust a State of its authority to impose excise taxes for sales to nonmembers." *Seneca Nation of Indians v. Paterson*, No. 10-CV-687A, 2010 WL 4027796, at *7 (W.D.N.Y. Oct. 14, 2010); *see also Unkechauge Litigation*, ECF No. 49 at 7 (citing *Seneca Nation*). Furthermore, Judge Arcara concluded that the *manner* in which New York collected cigarettes taxes on sales to nonmembers did not impermissibly burden tribal retailers or the tribes' sovereignty. *Seneca Nation*, 2010 WL 4027796, at *9-17.

On appeal, the Second Circuit affirmed Judge Arcara's decision to deny preliminary injunctive relief. *See Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 175 (2d Cir. 2011). It agreed that Plaintiffs "failed to demonstrate a likelihood of success on the merits of their claims" that New York's scheme unnecessarily burdens tribal retailers or interferes with tribal rights. *Id.* The Second Circuit reasoned that the system was "valid as written" and, because it had yet to be implemented, the tribes' concerns were speculative and "by no means certain to occur." *Id.* at 173 n.20.

After the appeal, Defendants moved for summary judgment in both cases. They argued that this could be readily disposed of in light of Plaintiffs' loss at the preliminary injunction stage:

> In this litigation, [several Indian tribes] filed pre-enforcement challenges to recent amendments to the New York Tax Law governing the collection of cigarette taxes from sales to non-tribal members on Indian reservations. [Judge Arcara] previously found that all of the Plaintiffs' claims were meritless. The U.S. Court of Appeals for the Second Circuit agreed. Because there can no longer be any dispute that the Plaintiffs' claims fail as a matter of law, this Court should grant State defendants' motion for summary judgment.

*Unkechauge Litigation*, ECF No. 63 at 2; *see also St. Regis Mohawk Tribe v. Paterson*, No. 10-CV-811, ECF No. 71 at 2 [hereinafter *St. Regis Litigation*].

In response, Unkechauge Indian Nation moved to voluntarily dismiss its claims without prejudice under Federal Rule of Civil Procedure 41(a)(2). *Unkechauge Litigation*, ECF No. 69. It avers that dismissal without prejudice is appropriate because (1) there has been "substantial factual developments since the filing of the Complaint and (2) the Nation has determined that the facts alleged and the claims asserted in the Complaint are insufficient to adequately address the dispute between the parties in light of such developments." *Unkechauge Litigation*, ECF No. 69-1 at 6.

Although St. Regis Mohawk Tribe initially filed a cross-motion for summary judgment, it then filed a motion to withdraw the cross-motion and to voluntarily dismiss certain "pre-enforcement" challenges to the tax laws with prejudice and other "post-enforcement" challenges to the tax laws without prejudice. *Unkechauge Litigation*, ECF No. 98. It stated that the factual basis for its cross-motion—that the tax system had been implemented in a way that burdened tribal rights—no longer existed. *Unkechauge Litigation*, ECF No. 98-3 at 5-7. It further noted that the decisions of Judge Arcara and the Second Circuit "left little room for the Tribe to succeed on the merits in its pre-enforcement challenge." *Id.* at 2. Accordingly, it agrees that any "pre-enforcement claims" should be dismissed with prejudice, but it argues that any "potential future claims" that might arise should be dismissed without prejudice. *Id.* at 2, 12.

Thus, the present posture is as follows: based on the vindication of their legal position at the preliminary injunction stage, Defendants move for summary judgment on all of Plaintiffs' claims. Plaintiffs essentially move to voluntarily dismiss their claims to avoid the preclusive effect of a judgment on any later claims they may wish to bring.

**DISCUSSION**

The Court agrees with Defendants that Plaintiffs' claims can be dismissed on summary judgment largely based on the decisions already rendered. The Court examines each Plaintiff's claims in turn.

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

**I. Unkechauge Indian Nation's Claims**

In its complaint, Unkechauge Indian Nation raises the following claims:

(1) Violation of Sovereign Right of Self-Government

(2) Violation of State Tax Immunity & Right to Engage in Tax-Free Commerce

(3) Imposition of Excessive Burdens on Indian Retailers

(4) Violation of Indian Commerce Clause

(5) Violation of Interstate Commerce Clause

(6) Preemption by the Internet Tax Freedom Act

(7) Prepayment of Tax to which New York is Not Entitled

*Unkechauge Litigation*, ECF No. 1.

As noted, the Second Circuit rejected Plaintiffs' arguments that, as written, "(1) the precollection scheme impermissibly imposes a direct tax on tribal retailers, or alternatively, imposes an undue and unnecessary economic burden on tribal retailers; and (2) the coupon and prior approval systems interfere with their rights of self-government and rights to purchase cigarettes free from state taxation." *Oneida Nation of New York*, 645 F.3d at 175. For the same reasons, and as a matter of law, Defendants are entitled to summary judgment on all claims premised on those arguments—namely, Counts 1, 2, 3, 4, and 7.

The only other claims are that the tax scheme facially violates the Interstate Commerce Clause (Count 5) and is preempted by the Internet Tax Freedom Act (Count 6). However, Judge Arcara previously concluded that New York's tax laws do not "impose an unconstitutional burden based upon the failure to account for sales to non-Indians living outside New York." *Seneca Nation*, 2010 WL 4027796, at *12-13. The Court concurs with Judge Arcara's reasoning and concludes that those claims must be dismissed as well.

Therefore, Defendants are entitled to summary judgment and all of Unkechauge Indian Nation's claims are dismissed with prejudice.[1]

---

[1] When it filed its initial motion to dismiss in 2011, Unkechauge Indian Nation requested that, if the Court were inclined to dismiss its claims with prejudice, it be allowed to "withdraw this motion and proceed with the litigation and seek leave . . . to file an amended complaint." *Unkechauge Litigation*, ECF No. 69-1 at 6. The Court denies those requests. Defendants are clearly entitled to summary judgment given the rulings in this litigation, and Unkechauge Indian Nation does not forecast any arguments or claims that would justify prolonging this case or permitting further briefing.

**II.     St. Regis Mohawk Tribe's Claims**

Given its concession that the basis for the cross-motion for summary judgment has dissipated, the Court accepts St. Regis Mohawk Tribe's motion to withdraw that motion. As for its motion to voluntarily dismiss its claims, St. Regis Mohawk Tribe alleges five claims against Defendants:

(1) Violation of Right to the Self-Government and Imposition of Excessive Burdens through Coupon System

(2) Violation of Right to the Self-Government in Coercing Tribes to Adopt the Coupon System

(3) Violation of State Law in Coercing Tribes to Adopt Coupon System

(4) Violation of the Right to Self-Government and Imposition of Excessive Burdens in the Implementation of the Prior Approval System

(5) Severance  - The Prior Approval Provisions Cannot be Severed from the Tribal Election Provisions

(6) Tax Immunity

(7) Violation of Equal Protection

*St. Regis Litigation*, ECF No. 7. St. Regis Mohawk Tribe agrees that Counts 1, 2, 3, 5, and 7 may be dismissed with prejudice. *Unkechauge Litigation*, ECF No. 98-3 at 2. Accordingly, those claims are so dismissed.

That leaves the claims for "Violation of the Right to Self-Government and Imposition of Excessive Burdens in the Implementation of the Prior Approval System" (Count 4) and "Tax Immunity" (Count 6). The Second Circuit's decision squarely governs these claims, however: as to Count 4, the court concluded that the prior approval system does not interfere with the right to self-government, and as to Count 6, it disagreed that New York's tax laws interfere with the tribes' rights "to purchase cigarettes free from state taxation." *Oneida Nation*, 645 F.3d at 175. In light

of *Oneida Nation*, Defendants are entitled to summary judgment on all of St. Regis Mohawk Tribe's claims.

Consequently, because all of Plaintiffs' claims fail at summary judgment, the Court declines to permit Plaintiffs to voluntarily dismiss their claims without prejudice. *Cf. Hoolan v. Stewart Manor Country Club, LLC*, 887 F. Supp. 2d 485, 496 (E.D.N.Y. 2012) (stating that voluntary dismissal without prejudice should not be granted where "a defendant has cast substantial doubt on the validity of a plaintiff's claims," since "the prospect of relitigation offers little value but threatens much cost").

As a final matter, the Court declines to address the preclusive effect that this judgment may have on any claims Plaintiffs may wish to bring in the future. That is not the proper role for this Court. *See Covanta Onondaga Ltd. v. Onondaga Cty. Recovery Agency*, 318 F.3d 392 (2d Cir. 2003) (stating that a court "does not get to dictate to other courts the preclusion consequences of its own judgment"). It suffices to say that Defendants are entitled to summary judgment on all of the claims that Plaintiffs raise in their complaints, and, therefore, those claims are dismissed with prejudice.

**CONCLUSION**

For the reasons discussed above, Defendants' motions for summary judgment (ECF No. 61 in 10-CV-711 & ECF No. 69 in 10-CV-811) are GRANTED. Plaintiff Unkechauge Indian Nation's motion to dismiss (ECF No. 69 in 10-CV-711) is DENIED. Plaintiff St. Regis Mohawk Tribe's motion to withdraw and to dismiss (ECF No. 98 in 10-CV-711) is GRANTED IN PART and DENIED IN PART, in that the Court permits St. Regis Mohawk Tribe to withdraw the cross-motion for summary judgment (ECF No. 70 in 10-CV-711) but otherwise denies its requests. New

York Association of Convenience Stores' motion for leave to file *amicus* brief (ECF No. 72 in 10-CV-811) is DENIED AS MOOT.

The Clerk of Court is directed to enter judgment against Plaintiffs in both cases and close the cases.

IT IS SO ORDERED.

Dated: February 4, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court